No. 358.—AMOS ABRAMS v. A. G. TEAGUE.

An attachment will lie against a debtor who is about to sell or dispose of his property to defraud his creditor.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Watkins*, J. *J. D. Watkins*, for plaintiff. *Griffin & Snider*, for defendant.

LUDELING, C. J. This is a suit for an amount of cotton loaned, or its value, and for moneys loaned and supplies furnished to the defendant. The suit was commenced by personal citation and an attachment based on the allegation that the defendant was about to dispose of his property to defraud the plaintiff.

The answer contained a general denial—an averment that this suit was for a settlement of a partnership, and that the plaintiff is indebted to him for damages caused by the injury done his crop by plaintiff's cattle, hogs, etc., and also for board during six months. He avers that the attachment was wrongfully sued out.

The evidence satisfies us that the plaintiff's demands are just, except in one particular, which should be reduced four dollars and a half; and it further shows that the defendant was about to sell his property to defraud the plaintiff. These facts appear from an agreed statement of facts filed in the case.

It is therefore ordered and adjudged that the judgment of the lower court be annulled, and that there be judgment in favor of plaintiff and against the defendant for the sum of six hundred and fourteen dollars and eleven cents, with five per cent. per annum interest from

judicial demand, and for the delivery of three thousand three hundred and fifty-three pounds of lint (cotton) baled; or in default thereof, for five hundred and seventy dollars and thirty-five cents, with five per cent. per annum interest thereon from the first of January, 1872.

It is further ordered that the attachment be maintained; that the privilege resulting therefrom be recognized and enforced against the property seized; that the reconventional demands be dismissed, as in case of non-suit, and that the defendant pay costs of both courts.